UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:13CR00120 |
| | ) | Judge Campbell |
| **BENITO RAYO ROSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of Defendant's Benito Rayo Rosas' guilty plea in the above-styled case, in which the Government sought forfeiture pursuant to 21 U.S.C. § 853, Defendant Benito Rayo Rosas shall forfeit to the United States his interest in real property commonly known as 3516 Quaker Court, Murfreesboro, Tennessee 37128, and more particularly described as:

> Land in Rutherford County, Tennessee, being Lot No. 8, Haverford, of record in Plat Book 15, page 97, Register's Office for Rutherford County, Tennessee, to which plan reference is hereby made for a more complete description.
>
> Being the same property conveyed to Samantha Rosas by Warranty Deed from Christopher R. McClendon, Cheryl L. Richardson as Executrix, Carol Y. Leech, Cheryl L. Richardson and Dorothy J. Voyles record on March 29, 2012 in Book 1120, pages 2404-2405, Register's Office for Rutherford County, Tennessee

(hereinafter referred to as 'Subject Property"). As to all remaining items listed in the Forfeiture Allegations of the Indictment, the Defendant has waived any interest he may have thereto.

2. The Court has determined, based on the Plea Agreement entered herein between the United States and Defendant Benito Rayo Rosas dated April 7, 2014 and the factual basis agreed to therein at paragraph 8 and related paragraphs 3 and 26 through 32, that the Subject Property is subject to forfeiture pursuant to 21 U.S.C. § 853 and that the Government has established the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant

consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this ____ day of _____, 2014.

_____
TODD J. CAMPBELL
United States District Judge